Joseph B. F. Johnson
vs.  No. 84171
Starrett Brothers, Inc.

January 9, 1931.

HAHN, J. Heard on motion of de-fendants for leave to file plea in abatement, after pleading to the merits.

This is an action of trespass on the case for negligence. In addition to this suit separate actions are pending against each of the defendants, the writs in those actions having been issued and made returnable on the same day as the writ in the present joint action.

The defendants in each of the single actions filed a plea in abatement, and amended pleas in abatement were also filed with leave of Court, but no plea in abatement to the present suit was filed; instead defendants pleaded to the merits.

Defendants now ask leave to file pleas in abatement in the present suit, claiming that at the time they pleaded to the merits they were ignorant of and could not have been expected to know that the single suits were pending at the time the joint suit was brought, which had it been known to them would have led them to file pleas in abatement of the present suit instead of pleading to the merits.

In view of the fact that the single actions were entered on the same day as the present suit and the same attorneys represented all defendants, it is difficult to account for the ignorance of the parties in relation thereto, especially as, under our practice, pleadings may be delayed until necessary particulars are obtained.

Defendants concede that they can not as a matter of right file pleas in abatement after answering to the merits, and that such is the rule is well settled by a long line of cases in this State and elsewhere. The authorities are not in accord as to whether such plea may be filed by leave of Court.

"In most jurisdictions, however, the Court may in its discretion grant such leave, although it should do so only under very exceptional circumstances. Even ignorance of the existence of the ground of abatement before the filing of the plea in bar

will not generally be ground for granting leave to withdraw the same to plead in abatement."

1 Corpus Juris 267, 268.

Are 'the circumstances sufficiently exceptional in the present case to warrant leave of the Court to file the plea at this time?

In a similar case in New Hampshire, where both the writs had the same date, and defendant pleaded in abatement as to one of them, plaintiff was allowed to show the actual priority of the actions, to defeat the plea.

"It has been further urged that the two writs bearing the same date, the defendant could not ascertain which to plead in abatement of the other; and that the plaintiff might in that way vex and harass the defendant. This argument at first appeared to possess much force; and if the defendant could not be relieved from this difficulty, it might furnish a good ground for holding the case to be an exception to the rule that the true time of issuing the writ may be shown. But although there may be a difficulty, on the face of the papers, where two actions are pending for the same cause, bearing the same date, the defendant's rights may be secured without departing from the rule. In ordinary cases he may probably readily ascertain the priority, so as to plead to that which was in fact last issued. If he cannot, he may apply to the Court, and the plaintiff be called upon to furnish evidence that one of the suits was in fact commenced before the other; and if this is not shown, the Court may well adjudge that the defendant shall answer neither, (Moore 864; Com. Digest, Abatement, H. 24); or, in other words, may quash the writs upon motion."

*Davis* vs. *Dunklee*, 9 N. H. 545, 552.

The circumstances in the present case, therefore, do not seem sufficiently exceptional to warrant leave to file the plea in abatement after pleading to the merits, especially in view of the fact that no case has been cited in our Supreme Court in which such a course was followed or approved. No case is cited in the Superior Court in which such a plea was allowed, although in *Mason* vs. *Nichols* (Law No. 49122, 4 Rescripts 881), Judge Barrows recognized the possibility rather than the probability of the Court exercising such discretion.

Motion denied.

For plaintiff: Edwards & Angell.

For defendant: Sherwood, Heltzen & Clifford.